Dear Mayor Youngblood:
Your letter questioning the applicability of the state's public bidding laws to the proposed agreement between the Town of Colfax and Ditto Apparel of California, Inc. has been assigned to me for an opinion. The proposed agreement provides that the Town of Colfax will sell a tract of land to Ditto Apparel for $18,000 and Ditto Apparel will construct a $2.3 million warehouse facility for its expanded operations on that property and some contiguous property presently owned by Ditto Apparel. Upon completion of construction, the Town of Colfax will purchase the entire warehouse facility, including the land, from Ditto Apparel for $2.3 million, using Economic Development Award Program funds. The Town of Colfax will then enter into a "lease-purchase" agreement, through which Ditto Apparel will lease the warehouse facility from the town for 23 years for $100,000 per year. At the end of the lease, Ditto Apparel will be allowed to purchase the warehouse for a nominal final payment to the town.
La. R.S. 33:4717.2, in pertinent part, gives municipalities, permitted by law to own land for industrial inducement purposes, the authority to sell all or part of an industrial plant site, building, port, harbor, or terminal facility, or other property
owned by the municipality, to any enterprise locating or existing within the municipality. The statute further provides that the governing authority of the municipality may consider the potential value of the economic impact of the enterprise being induced to locate or expand within the municipality, as well as the value of the property involved, in determining the consideration of the transfer. The provision for weighing the potential value of the economic impact of the transaction and the reference to an enterprise being induced to locate or expand in the municipality necessarily demonstrates that the statute contemplates a negotiated transaction, rather than a bidding situation. Moreover, the authority granted by La. R.S. 33:4717.2
is ". . . in addition to the authority granted by other laws." That language has been found to render the public bid laws inapplicable. See JTS Reality Corp v. City of Baton Rouge,499 So.2d 274 (La.App. 1st Cir. 1986), writ denied, 503 So.2d 19
(La. 1987). Please take note that a notice of intention to affect the transfer must be published prior to the transfer, in accordance with the statute, and an election is required if the proposed transfer is objected to by five percent of the resident electors.
It is the opinion of this office that the sale of the tract of land and the later lease/purchase agreement, if properly done in accordance with La. R.S. 334717.2, would thereby be excepted from the provisions of the general statutes regarding sale or lease of public property. We know of no statutory provisions which would inhibit the acquisition of the warehouse facility by the Town of Colfax after its construction by Ditto Apparel.
We trust this opinion provides you with the necessary information to satisfy your query.
Should you have further questions, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ RANDALL A. KARR ASSISTANT ATTORNEY GENERAL
RPI/RAK/dra